RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

JONATHAN S. PASTERNAK, ESQ.
JULIE A. CVEK, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

                                                    Chapter 11

146-148 CORTLANDT STREET, LLC         Case No. 10-

                Debtor.
---------------------------------------------------------------X

# DECLARATION OF CIRILO RODRIGUEZ
# PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK        )
                                 ) ss.:
COUNTY OF WESTCHESTER    )

        CIRILO RODRIGUEZ, being duly sworn, deposes and says:

        1.        I am the managing member of 146-148 Cortlandt Street, LLC (the "Debtor"). As such, I am familiar with the Debtor's operations, businesses and financial affairs.

        2.        I submit this affidavit pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Local Rule 1007-2(a)(1)**

        3.        The Debtor is a single asset real estate entity that owns and operates 2 contiguous multi residential buildings located at 146-148 Cortlandt Street, Sleepy Hollow, NY 10591 (the "Property"). The buildings on the Property consists of 2 contiguous 3 story apartment buildings

with 20 total units, all of which are currently rented.

4. The Property has an approximate fair market value of $3,000,000 and has a first priority secured mortgage in the approximate principal amount of $2,450,000 held by SPCP Group IV, LLC ("SPCP"). Northern Funding holds a contingent second mortgage against the Property in the approximate amount of $1,200,000.00; however, said mortgage is fully collateralized by a non-debtor property which is currently in condemnation proceedings which the Debtor believes will result in, inter alai, a full satisfaction of the Northern Funding Mortgage as well as additional funds which may be needed for the contemplated refinance of the SPCP mortgage (as further discussed herein).

5. Over the past two years, the Debtor's rent roll and occupancy suffered due to, inter alia the country's worsening economy. In addition, the Debtor was plagued with several nonpaying tenants who have since been evicted. Over the past six months, the Debtor has achieved full occupancy and now boasts a $29,300 per month combined rent roll. This has been achieved by a combination of eviction of troublesome tenants, re-leasing to more credit worthy tenants and the capital contribution and expenditure of more than $150,000 in needed renovations, improvements and repairs, personally funded by the Debtor's principal, Cirilo Rodriguez. In addition, the Debtor's tax certiorari counsel has just obtained a 20% overall reduction in real estate taxes to be effective going forward on the Property.

6. Unfortunately, the positive changes were not able to take full effect prior to the Debtor's previous Chapter 11 case, case number 09-22104 being dismissed on February 3, 2010, after which SPCP re-instituted foreclosure proceedings previously commenced by its predecessor in interest, JP Morgan Chase Bank.

7. The Debtor has now turned around its operations, is fully occupied , and is now in

a position to refinance the SPCP mortgage if it is given a reasonable additional amount of time in Chapter 11, during which the Debtor can now afford to make debt service payments to SPCP pending the contemplated refinance. To the extent there is insufficient collateral to fully effectuate the refinance, the Debtor's principal, Mr. Rodriguez is confident he can personally provide third party funding to make up any shortfall on the refinance, provided the Debtor is given an additional reasonable amount of time to obtain and effectuate it.

**Local Rule 1007-2(a)(2)**

8. This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "<u>Bankruptcy Code</u>").

**Local Rule 1007-2(a)(3)**

9. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

10. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding "insiders" as that term is defined in § 101(31) of Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

11. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

12. A summary of the Debtor's assets and liabilities is annexed as **Schedule III**.

**Local Rule 1007-2(a)(7)**

13. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

14. Upon information and belief, on March 12, 2010, Anthony S. Colavita (the "Receiver") was appointed as receiver of rents in the foreclosure action captioned, <u>JP Morgan Chase Bank, N.A. v. 146-148 Cortlandt Street, LLC, Et Al.</u>, Supreme Court, Westchester County, Index No. 26742/08 but may not have yet qualified. Other than as to the Receiver, none of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

15. The Debtor operates from 146-148 Cortlandt Street, Sleepy Hollow, New York 10591.

**Local Rule 1007-2(a)(10)**

16. The Debtor's substantial assets, books and records are located at 150 Cortland Street, Sleepy Hollow, NY 10591.

**Local Rule 1007-2(a)(11)**

17. The following action is pending against the Debtor: <u>JP Morgan Chase Bank, N.A. v. 146-148 Cortlandt Street, LLC, Et Al.</u>, Supreme Court, Westchester County, Index No. 26742/08 (foreclosure proceeding).

**Local Rule 1007-2(a)(12)**

18. The Debtor's senior management consists of Cirilo Rodriguez, managing member.

**Local Rule 1007-2(b)(1)**

19. The estimated payroll to employees (exclusive of officers and directors) for the thirty (30) day period following the filing of the chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(2)**

20. The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(3)**

21. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule IV**.

## **CONCLUSION**

22. The Debtor believes it is in the best interests of all of it creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

23. The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

24. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Sleepy Hollow, New York
April 13, 2010

*/s/ Cirilo Rodriguez*
Cirilo Rodriguez, Managing Member

# Schedule I

# List of Debtor's 20 Largest Unsecured Creditors

NONE

**Schedule II**

**List of Debtor's 5 Largest Secured Creditors**

| | |
|---|---|
| SPCP Group IV, LLC<br>c/o Prassana Mahadeva, Esq.<br>Mahadeva, PLLC<br>445 Hamilton Ave., Suite 1102<br>White Plains, NY 10601 | $2,450,000 |
| Northern Funding, LLC<br>132 West 31st Street<br>13th Floor<br>New York, NY 10001 | $1,200,000<br>(contingent) |

## Schedule III

## Debtor's Balance Sheet as of April 1, 2010

**ASSETS:**

| | |
|---|---|
| Land and Buildings | $3,000,000 |
| Rents Receivable | $23,200 |
| TOTAL ASSETS: | $3,023,200 |

**LIABILITIES:**

| | |
|---|---|
| First Mortgage | $2,450,000 |
| Second Mortgage (Contingent) | $1,200,000 |
| TOTAL LIABILITIES: | $3,650,000 |

## Schedule IV

## 30 Day Budget

**CASH RECEIPTS:**
Rental Income                     $29,300

TOTAL RECEIPTS:                   $29,300

**EXPENSES:**
Pro Rated RE Taxes                $4,000
Utilities                         $6,000
Water                             $2,000
Maintenance                       $1,000
Insurance                         $300[1]

TOTAL EXPENSES:                   $13,300

**TOTAL NET CASH AVAILABLE:       $16,000**

---

[1] Insurance is covered under multiple property policy including several non-debtor properties.